MEMORANDUM **
Carlos David Martinez appeals from the 18-month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
We reject the government’s contention that this court lacks jurisdiction to review the denial of a downward departure. See United States v. Dallman, 533 F.3d 755, 760-61 (9th Cir.2008).
Martinez contends that the district court procedurally erred by recognizing that a downward departure was warranted but then imposed a mid-range sentence. The district court did not procedurally err. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc).
Martinez also contends that the district court imposed a substantively unreasonable sentence because it failed to give adequate weight and consideration to all of the 18 U.S.C. § 3553(a) sentencing factors, especially his extraordinary acceptance of responsibility. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Martinez’s sentence is not substantively unreasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 600-02, 169 L.Ed.2d 445 (2007).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.